**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| MICHAEL GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:25-cv-0062-MTS |
| | ) | |
| CENTURION, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's Second Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [5]. The Court previously denied his first Application without prejudice because he failed to provide a proper certified inmate account statement. Doc. [4]; *see also* 28 U.S.C. § 1915(a)(2). Plaintiff's second certified inmate account statement once again fails to provide his transactions for "the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Congress wrote § 1915 in mandatory terms, and the Court cannot ignore the requirements that Congress imposed. *Koenig v. Mo. Dep't of Corr.*, 4:23-cv-1524-MTS, 2024 WL 277939, at *2 (E.D. Mo. Jan. 25, 2024).

What is more, Plaintiff's account statement shows that he has plainly lied to the Court on (at least) his Second Application. This misrepresentation provides an alternative basis for the denial. *See Thomas v. Clark County*, 2:25-cv-0903-DJA, 2025 WL 2549148, at *1 (D. Nev. Sept. 3, 2025) ("Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application."). On his latest Application, he

declared, under penalty of perjury, that, for the last twelve months, he has received no gifts or income from *any* source besides his wages.  Doc. [5].  But the portion of his certified account statement that he provided shows that he received multiple deposits from an outside sender.  Doc. [6].

A district court has discretion to dismiss an action with prejudice where the plaintiff has in bad faith filed a false affidavit of poverty.  *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990).  The Applications Plaintiff signed and filed even warned him of this possibility.  *See, e.g.*, Doc. [5] at 2 (declaring he "underst[oo]d that a false statement may result in a dismissal of my claims").  Rather than dismissing this action, though, the Court will deny Plaintiff the privilege of proceeding *in forma pauperis* and provide him an opportunity to prepay the filing fee in full.  *See Waters v. Clayton*, 2:25-cv-0095-MTS, 2026 WL 288994, at *1 (E.D. Mo. Feb. 4, 2026); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (stating that district courts are "not mandate[d]" to dismiss a claim when "certain assertions in [an *in forma pauperis*] affidavit are untrue").

Proceeding *in forma pauperis* in a civil action is a privilege, not a right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987); *Allen v. Briggs*, 331 F. App'x 603, 604 (10th Cir. 2009) (Gorsuch, J.).  *See also M.L.B. v. S.L.J.*, 519 U.S. 102, 119 (1996) (noting the absence of a constitutional right to proceed *in forma pauperis* in civil actions).  Historically, as Judge Easterbrook has explained, federal litigants could not proceed *in forma pauperis* until Congress allowed it in 1892.  *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002); *accord* Andrew Hammond, *Pleading Poverty in Federal Court*, 128 Yale

L.J. 1478, 1486 (2019). "[F]or the[] first century" of their existence, federal courts required filing fees regardless of poverty status. *Lewis*, 279 F.3d at 528.

Today, Congress continues to require the collection of a filing fee, 28 U.S.C. § 1914(b) ("The clerk . . . *shall* require the parties instituting any civil action . . . to pay a filing fee[.]" (emphasis added)), but has provided that courts of the United States "may" authorize litigants to commence actions without prepayment of that required fee, if a litigant properly shows he meets certain conditions, *id.* at § 1915(a)(1). Parsing other statutes, the Supreme Court "has 'repeatedly observed' that 'the word "may" *clearly* connotes discretion.'" *Biden v. Texas*, 597 U.S. 785, 787 (2022). Understandably then, it is recognized that, under § 1915, courts have "rather wide discretion in determining whether a plaintiff should be allowed to proceed in forma pauperis." *See Willard v. United States*, 422 F.2d 810, 811 (5th Cir. 1970) (per curiam); *accord O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); Hammond, *supra*, at 1495.

Here, after due consideration, the Court will not allow Plaintiff the opportunity to seek to proceed *in forma pauperis* for a third time. *Cf. Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853–54 (6th Cir. 2006) ("Nothing in the Federal Rules of Civil Procedure requires [a] district court to entertain repeated motions that have already been denied or review [a litigant's] requests until one is sufficient to qualify as a proper motion."). Plaintiff ignored the Court's previous Order regarding his application, and, on top of that, he has provided objectively false information to the Court under penalty of perjury. Rather than dismiss this action, the Court will provide Plaintiff with the opportunity to

prepay the filing fee.  If Plaintiff fails to do so, the Court will dismiss this action without prejudice and without further notice.[*]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [5], is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than **Friday**, **April 24, 2026**, Plaintiff must prepay the $405 filing fee in full.  **If Plaintiff fails to do so, the Court will dismiss this action without prejudice and without further notice.**

Dated this 12th day of March 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] A dismissal without prejudice allows a plaintiff to refile an action.  *See Schooley v. Kennedy*, 712 F.2d 372, 374 (8th Cir. 1983) (per curiam).